**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

United States of America,

    Plaintiff,

v.

Jeremy Halgat, et al.,

    Defendants.

Case No.: 2:13-cr-00239-JAD-PAL

**Order re: Various Pretrial Motions**
**[Docs. 81, 82, 84, 104, 105, 107]**

This case arises from an ATF sting operation that resulted in the indictment of the three defendants for conspiracy to possess with intent to deliver 10 kilograms of cocaine and using and carrying a firearm in relation to a drug trafficking crime. Doc. 1. Trial of this matter is scheduled to begin on January 14, 2014. Doc. 97.

Now before the Court are several pretrial motions filed (nearly) on the eve of trial, despite an October 31, 2013, pretrial-motions deadline and despite Defendants' announcement of readiness for trial and their vigorous opposition to a trial continuance. Doc. 50; Doc. 90.[1] These motions include:

1. Defendant Morrow's and Halgat's Motion to Strike the Government's Expert, Manuel Garza (Docs. 81, 82), on the basis that disclosure of this expert was late and substantively lacking;

2. Defendant Halgat's Motions in Limine to Exclude Recordings and Surveillance and Transcripts of those recordings, along exclusion of with controlled-substance calculations (Docs. 83, 88, and 104), primarily as untimely disclosed; and

3. Several requests by the non-moving defendants to join in these various motions.

---

[1] *See also* discussion of this conduct in Doc. 122.

1

(Docs. 84, 105, and 107).

District courts are "vested with discretion as to whether to hear a motion to exclude evidence before trial in an in limine proceeding." *United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985) (citing *United States v. Layton*, 720 F.2d 548, 553 (9th Cir. 1983)).  The Court addresses each motion in turn.

## Procedural History

A handful of orders and documents have directed the motions and discovery schedules in this case.  The motion deadlines were initially governed by Magistrate Judge Cam Ferenbach's Order regarding Pretrial Procedure, entered on June 28, 2013.  Doc. 25.  It provides in part that "[e]ach party shall have thirty (30) calendar days from the date of this order within which to file and serve any and all pretrial motions and notices of defense."  Doc. 25 at 1 (citing LCR 12-1).  District Judge Gloria M. Navarro continued the motion deadline to October 7, 2013, at the parties' request.  Doc. 32 at 6.  On August 2, 2013, the parties filed a Joint Discovery Agreement ("JDA")[2] stipulating that "[a]ll parties will provide expert disclosures as required under Rules 16(a)(1)(G) and (b)(1)(C), Federal Rules of Criminal Procedure" no later than thirty days before trial.  Doc. 33 at 2.  Further, the parties agreed to "disclose any summaries, charts, or calculations, that will be offered at trial" and to "identify recordings, transcripts of recordings, or portions thereof, that will be offered at trial" no later than ten days before trial.  Doc. 33 at 3.  Although this case has had numerous trial settings, stipulated continuances and the Defendants' filing of motions have extended both the trial date and the must-be-tried dates.  Since December 31, 2013, trial has been scheduled to begin on January 14, 2014.  Doc. 97.  Based on the parties' JDA and the now-scheduled January 14, 2014, trial date, the 30-day expert-disclosure deadline ran on December 15, 2013, and the 10-day evidence-disclosure deadline was January 4, 2014.

Discussions at the November 27, 2013, calendar call did not move those deadlines.  As the Court was considering the Government's (later-withdrawn) request to continue the trial date, *see*

---

[2] Defendant Halgat describes the JDA as "govern[ing]" this case and as "binding."  Doc. 82 at 2; Doc. 83 at 2.

*generally* Doc. 72, Jess R. Marchese, Esq., counsel for Defendant Morrow, asked the Court to "not continue any deadlines at this point." Doc. 72 at 10. This exchange followed:

> THE COURT: Not continue any what deadlines? Which deadlines?
>
> MR. MARCHESE: Disclosures, motions, et cetera, things of that nature that were already set given the fact that, you know, we were ready for trial and the Government has asked for the continuance.
>
> THE COURT: Ms. Silva.
>
> MS. SILVA [Counsel for the Government]: I'm not sure which deadlines he—he's referring to.
>
> MR. MARCHESE: I—I just said expert disclosures and any motions that—new motions that need to be filed. I mean, obviously, there's some pending ones. But anything new.
>
> MS. SILVA: Oh. Beyond the standard trial order.
>
> MR. MARCHESE: Sure.
>
> MS. SILVA: Okay.
>
> MR. MARCHESE: Yeah.
>
> MS. SILVA: That's fine, Your Honor.
>
> THE COURT: Okay.
>
> MS. SILVA: Yeah.
>
> THE COURT: All right. That's fine. Then we'll—we'll go ahead and grant that. Um, any—
>
> MS. HILL: Your Honor, I have one question. Does that mean our witness lists, exhibit lists, jury instructions, are due at the next calendar call—
>
> THE COURT: Yes.

Doc. 72 at 10–11.[3] Thus, the deadline for all motions remained October 31, 2013, by the defendants' request, and all other deadlines in the JDA remained intact.

---

[3] Halgat characterizes the calendar call discussion above as "a joint defense request." *See* Doc. 82 at 3–4; *see also* Doc. 83 at 4; Doc. 104 at 2.

3

**Discussion**

A.   **Motions for Joinder**

Three Motions for Joinder have been filed that pertain to the pending motions: Defendant's McCall's Joinder, seeking to join in Docs. 82 and 83 (Doc. 84); Morrow's Joinder to Doc. 100 (Doc. 105); and McCall's Joinder to Docs. 88, 89, 100, 101, 103, and 104 (Doc. 107). The Court finds good cause to grant these joinder requests, and hereby does so.

B.   **The Motions in Limine Are Late.**

Under Federal Rule of Criminal Procedure Rule 12(c), "[t]he court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing." *United States v. W.R. Grace*, 434 F. Supp. 2d 879, 882–83 (D. Mont. 2006) (quoting Fed. R. Crim. P. 12(c)). Rule 12(e) further provides that "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." *Id.* at 883 (quoting Fed. R. Crim. P. 12(e)) (footnote omitted). Motions in limine are classified as "pretrial motions." *See id.*

Although the deadline for pretrial motions was repeatedly extended (Docs. 25, 32, 50), it stopped at October 31, 2013. Doc. 50 at 3–4; Doc. 72 at 10–11; Doc. 82 at 3; Doc. 104 at 2. Any "defense, objection, or request not raised" by October 31, 2013, was "waive[d]" by the parties under Rule 12(e)—and any pretrial motion brought after the ordered date would be untimely.

The five motions in limine addressed by this order were filed on December 28, 2013 (Doc. 82), December 30, 2013 (Doc. 83), December 31, 2013 (Doc. 88), January 3, 2014 (Doc. 101), and January 5, 2014 (Doc. 104), so the *earliest*-brought motion was fifty-eight days late. *See* Docs. 50; 82. The remaining motions are late by sixty-one, sixty-four, and sixty-six days—more than two months after the deadline set by the parties' stipulation, approved by the Court, and reaffirmed by all the parties on November 27, 2013. *See* Doc. 88; Doc. 101; Doc. 104; Doc. 72 at 10–11; Doc. 97.

"The court did not randomly select the schedule documented in" its orders regarding deadlines. *United States v. Garcia*, 730 F. Supp. 2d 1159, 1168 (C.D. Cal. 2010); Doc. 25; Doc. 32;

Doc. 50; Doc. 72. Nor, presumably, did the parties randomly request the deadlines they agreed to. Based on the foregoing law and analysis, the parties waived their rights to all defenses, objections, and requests raised after October 31, 2013, and these motions are all fatally late.[4] Although the lateness of these motions is reason enough to deny them, the Court will (reluctantly) consider them on their merits.

**C.    Merits of the Pretrial Motions**

    **1.    Morrow's and Halgat's Motions to Exclude Expert Witness Manuel E. Garza (Docs. 81, 82)**

The Government first emailed Defendants on December 8, 2013, stating as follows:

> I am writing to officially notice you that we intend to call Manuel E. Garza, Senior Criminalist Los Angeles County Sheriff's Department at trial. Mr. Garza will testify that, based on his training and experience, the substance used during the undercover operation was cocaine. Further he will testify that the amount used during the operation exceeded 10 kilos. A bates stamped copy of his cv will be sent over tomorrow.

Docs. 82 at 4; 82-3 at 2; 82-4 at 1. The Government emailed Garza's CV the next day. Doc. 82 at 4. In its Response, the Government states that its "expert notice" was turned over in July 2013. Doc. 98 at 3. In his reply, Halgat argues that the government's contention that discovery was disclosed is "deceiving," as Halgat "believes" they are comprised of "two Laboratory Reports signed by Manuel Garza with conclusory statements regarding drug amounts and a determination that the substance tested was cocaine." Doc. 100 at 8. Halgat argues that this disclosure does not constitute an "expert's report," as it provides no opinions, but only conclusions. *See* Doc. 100 at 8.

Halgat attaches to his motion two Laboratory Reports from the Scientific Services Bureau of the Los Angeles County Sheriff's Department, dated May 19, 2011, and June 15, 2011, which are signed by Garza. The May 19, 2011 report states that on that date, Garza examined an item

---

[4] Additionally, Local Rule 12-1(c) requires that "[a]ny party filing pretrial motions, responses to motions, or replies pursuant to the time schedule set forth in subsection (a) of this Rule, or within any time period ordered by the Court, shall provide a certification that the motion, response, or reply is being filed timely. The certification shall be so identified and shall be set forth separately as an opening paragraph on any such motion, response, or reply." Among the eleven motions, responses, and replies encompassed in this Order, only two documents contain the requisite (though impossible) certification of timeliness. *See* Doc. 100 at 1; *see also* Doc. 109 at 1. No party requested leave of Court to file a late motion before trial.

"submitted under this laboratory receipt number and formed the . . . opinion" that it was comprised of "[o]ne container enclosed a gross weight of 1,026 grams of compressed powder containing cocaine." Doc. 100-2 at 3. The June 15, 2011, report states that on that date, Garza examined an item "submitted under this laboratory receipt number and formed the . . . opinion" that it was comprised of "[t]en (10) containers enclosed a total gross weight of 11,410 grams of solid substance. One container with a gross weight of 1,177 grams enclosing compressed power was tested and found to contain cocaine." Doc. 100-2 at 2.

Morrow and Halgat move this Court to strike or preclude Garza's testimony at trial. Morrow and Halgat argue that the Government's December 8, 2013, notice of its intent to call Garza at trial came after the 30-day expert-witness deadline based on the previously set January 7th trial date. Docs. 81, 82. Halgat adds that the disclosure was substantively inadequate. Doc. 82. The Court denies the motions because it finds that the Government's disclosure of this expert was both timely and adequate.

The trial court may exclude otherwise admissible government witnesses only when the government has violated "any constitutional provision, federal statute, specific discovery order, or any other recognized right." *United States v. Gatto*, 763 F.2d 1040, 1046 (9th Cir. 1985). "Rule 16(d)(1) permits the court, 'for good cause, [to] deny, restrict, or defer discovery or inspection, or grant other appropriate relief,' and Rule 16(d)(2) grants the court broad authority to enforce 'this rule,' including by any order 'that is just under the circumstances.'" *United States v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008). Thus, Rule 16 is interpreted to fit within the Court's inherent power to manage its docket. *Id.* at 509. Disclosure obligations can become mandatory if provided for in a case management order or other discovery order. *See Grace*, 526 F.3d at 513; *United States v. Talbot*, 51 F.3d 183, 187 (9th Cir. 1995). "The district court also has unquestioned *discretionary* power to exclude evidence that should have been produced in reciprocal discovery." Further, "a district court may normally refuse to permit expert testimony from an expert not previously designated before trial in the pretrial conference." *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011) (emphasis added).

6

### a. *Timing of the Garza Disclosure; Rule 16(a)(1)(G); Rule 16(d)(2); and Good Cause*

The premise of Morrow's and Halgat's timing challenge is that the disclosure is late based on a previously set December 3, 2013, trial date and the parties' joint acknowledgment at the November 27th calendar call that deadlines would not be extended. But the expert-witness disclosure deadline was not a date certain; it was a free-floating target dependent entirely upon the trial date. When the parties agreed that the previously set deadlines would apply, that necessarily included the agreement that the expert-witness-disclosure deadline would remain 30 days before trial—whatever the trial date ended up to be. Halgat himself stresses that the JDA is "a binding agreement that must be followed by the parties in this case." Doc. 100 at 4. The Court agrees; the parties agreed to a binding deadline of 30 days before trial for expert witness disclosures. As trial is scheduled to begin on January 14, 2014, that 30-day deadline ran on December 15th, making the Garza December 8th and 9th disclosures perfectly timely under the JDA.

### b. *The Garza Disclosures are Substantively Adequate*

Halgat also contends that the disclosure is inadequate under Fed. R. Crim. Proc. 16(a)(1)(G), L.R. 16-1(b)(1)(D), and the JDA. *Id.* Halgat's claim is without merit. Under the plain terms of the stipulation, the government was obligated to provide Garza's qualifications, along with summary of Garza's testimony, as well as a description of and reasons for those opinions. The Government's December 8, 2013, email provided a statement of Garza's position, summarized the testimony, and indicated that his conclusions were "based on his training and experience." Doc. 82 at 4; 82-3 at 2. The Government supplemented that communication the following day with Garza's curriculum vitae. Doc. 82 at 4; 82-4 at 2. With these emails, the Government satisfied the bare minimum disclosure required by Rule 16(a)(1)(G).

Halgat further complains that the Government "did not attach any of the[] required documents or data and it did not include a report, bench notes, copies [of] the tests performed, or the test results prepared by the expert witness to form the basis of his opinions," in violation of Rule 16(a)(1)(E). Doc. 82 at 10. But Rule 16(a)(1)(E) does not require the government to attach or

7

provide these items; the Rule imposes an obligation on the Government to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intents to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant." Halgat does not suggest that the Government disallowed his inspection or copying of any evidence that falls into these three categories.

**2. Motion to Exclude Calculations of Alleged Controlled-Substance Quantities at Trial (Doc. 104)**

Halgat also moves to prevent the Government's use of any calculations of "the alleged controlled substance quantities" at their case-in-chief at trial. *See* Doc. 104 at 6. The Government has filed a response to Doc. 104, Doc. 128, in which it contends it supplied Defendants with these "lab reports detailing testing" on July 18, 2013. Doc. 128 at 1-4. Halgat again relies on prior trial dates, but also claims that calculations would be late even based on the January 14th trial date. Doc. 104 at 5.

Halgat is correct that, under the JDA, any "summaries, charts, or calculations that will be offered at trial" were due 10 days before trial. But it is unclear from this motion exactly what Halgat seeks to exclude by this motion. The Court finds that additional context is necessary during trial to properly decide this motion. Accordingly, this motion is denied without prejudice to its reassertion at trial should the Government seek to introduce such evidence.

**3. Motions to Exclude Recordings and Transcripts (Doc. 83; Doc. 88)**

***a. The Government did not untimely identify recordings and transcripts.***

Halgat also moves to preclude "the United States' use of audio and video recordings, undercover residence surveillance, and transcripts of recordings in their case-in-chief at trial due to the United States' untimely identification." Doc. 83 at 2. Halgat contends that, although the Government produced all of the recordings and transcripts in this case between August and October 2013, it did not specifically identify which particular portions of those recordings and transcripts it

would be relying upon at trial.  Doc. 83 at 2; Doc. 99.  The premise of this motion is that the JDA set a 10-day-before-trial deadline for disclosures, and because this case was on the January 7th trial stack, that deadline ran on December 27th.

But trial is not commencing until January 14, 2014, so the government had until January 4th to comply with this provision of the JDA.  The Government represents that it will advise the defendants specifically which recordings or portions thereof (and related transcripts) it will seek to introduce at trial by January 4, 2014.  Thus, the Court denies this motion without prejudice to its re-assertion at trial should circumstances change.

### b. *The recording and transcripts are admissible based on sufficient intelligibility.*

Halgat next asks the Court to "exclude the United States' use of all its transcripts of recordings due to the inaudibility of the recordings and unreliability of the transcripts."  Doc. 88 at 2.  He identifies four sets of transcripts.  *Id.*  The Government responds that it does not intend to introduce transcripts two through four at this trial, absent unusual circumstances.  Doc. 109 at 6.  In support of this motion, Halgat relies primarily on authority regarding translations, not transcriptions.  Doc. 88 at 3-4.  The Court was provided with a copy of the audio recording for review and consideration,  Doc. 109-1 at 9, Exhibit A, and various transcripts.  *See* Doc. 109-11-8; Doc. 88-1 at 1-8.

In this circuit, "[a] recorded conversation is generally admissible unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy."  *United States v. Lane*, 514 F.2d 22, 27 (9th Cir. 1975) (citing *Monroe v. United States*, 234 F.2d 49, 55 (D.C. Cir. 1956)).  "The admissibility of a recorded conversation is addressed to the sound discretion of the trial judge."  *Id.* (quoting *Cape v. United States*, 283 F.2d 430, 435 (9th Cir. 1960)) (internal quotation marks omitted).  The audio recording is transcribed from about the nine-minute mark.  *See* Doc. 109-1.  Having listened to the recording, the Court finds that "some portions [are] inaudible and other portions unintelligible."  *Id.*  Nevertheless, large portions of the audio recording are readily discernable and, accordingly, the evidence should not be not barred on intelligibility grounds.  While Defendants may raise specific objections at trial, the argument in this motion in limine fails under

9

the substantial unintelligibility standard, because the recording as a whole is not so unclear as to be untrustworthy. The motion is denied.

### III.
### Conclusion

Accordingly, based upon the foregoing reasons, and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Morrow's Motion to Strike Expert **[Doc. 81] is DENIED**.

It is **FURTHER ORDERED** that Halgat's Motion in Limine to Exclude the United States' Expert **[Doc. 82] is DENIED**.

It is **FURTHER ORDERED** that Halgat's Motion in Limine to Exclude Recordings and Surveillance **[Doc. 83] is DENIED**.

It is **FURTHER ORDERED** that Halgat's Motion in Limine to Exclude Transcripts **[Doc. 88] is GRANTED IN PART AND DENIED IN PART as stated above**.

It is **FURTHER ORDERED** that Halgat's Motion in Limine to Exclude Calculations of Alleged Controlled Substance Quantities **[Doc. 104] is DENIED**.

It is **FURTHER ORDERED** that McCall's Motion for Joinder **[Doc. 84] is GRANTED**.

It is **FURTHER ORDERED** that Morrow's Motion for Joinder **[Doc. 105] is GRANTED**.

It is **FURTHER ORDERED** that McCall's Motion for Joinder to Docs. 88, 89, 100, 101, 103, and 104 **[Doc. 107] is GRANTED**.

DATED: January 13, 2014.

JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE