UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY HALGAT, et al.,<br><br>Defendants. | Case No.: 2:13-cr-00239-JAD-PAL<br><br>**Order**<br><br>**(Re: Docs. 168, 169, 176, 178, 182, 184)** |

Jeremy Halgat is a defendant in two cases arising out of an undercover investigation and resulting in cocaine-conspiracy charges filed in two separate indictments pending before two judges in this district. In the first-filed (and instant) case, 13-cr-239-JAD-PAL ("*McCall*") Halgat is charged with two other defendants—Anthony McCall and Robert Morrow—for events occurring in February-March 2013; in the second case, 13-cr-241-APG-VCF ("*Wickham*"), Halgat is charged along with a single co-defendant—Udell Wickham—for transactions four months earlier during the Fall of 2012. Although the indictments were issued separately and these cases have been litigated separately for nearly a year, the Government now moves to consolidate or join them before this Court. Finding that the Government has failed to satisfy the conditions for joinder, the Court denies the motion. The Court also considers and grants Halgat's motion for leave to file a late motion to dismiss (Doc. 168) and his request to allow that motion to exceed the 30-page limit by two extra pages. Doc. 169. McCall's request to join in Halgat's consolidation opposition is granted, but his attempt to join in Halgat's motion to dismiss is denied. Docs. 182, 178

## Discussion

### A. Joinder and Consolidation of Criminal Matters

"Two offenses may be joined in the indictment under Rule 8(a) only if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."[1] "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment."[2] "Because Rule 14 is available 'as a remedy for prejudice that may develop during the trial,' Rule 8 has been 'broadly construed in favor of initial joinder. . . .'"[3] Nevertheless, joinder under Rule 8 requires scrutiny, as Rule 14 is not a substitute for joinder analysis.[4] Under Rule 8, at least one of three conditions must be satisfied for proper joinder: (1) the commission of one of the offenses either depended upon or necessarily led to the commission of the other; proof of the one act either constituted or depended upon proof of the other;[5] (2) the offenses are the same or similar character in that they share "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims"[6]; or (3) the joinder will not result in prejudice in that it will have a substantial and injurious influence on the jury's determination of the verdict.[7]

The Government contends that these cases should be joined because (1) Halgat and McCall

---

[1] *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) (internal citations and quotations omitted).

[2] *Id.*

[3] *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) (quoting *United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971)).

[4] *Id.*

[5] *Id.*

[6] *Id.* at 578.

[7] *Id.* at 579 (citing *Terry*, 911 F.2d at 277).

will be entering into a joint defense agreement; (2) Halgat and McCall will be presenting an entrapment defense and the evidence relating to the *Wickham* case will be introduced at the *McCall* trial; (3) judicial economy supports consolidation because Task Force Officer ("TFO") Brancato will be a primary witness in both cases and Halgat has filed similar motions to dismiss in both cases, which could be more efficiently addressed by the government with a single opposition. Doc. 176. Halgat opposes the motion as untimely, "judge shopping," and a violation of Rules 8 and 14. Doc. 181. McCall has moved to join in Halgat's opposition and additionally argues that he will be prejudiced by the consolidation because there is no overlap between him and the *Wickham* case.[8]

### B. The Government Has Not Demonstrated that the Wickham and McCall Matters Are Appropriate for Joinder or Consolidation.

#### 1. The *Wickham* Case

The *Wickham* indictment was filed on June 19, 2013, alleging against Halgat and Wickham one count of conspiracy to distribute cocaine and four counts of distribution of cocaine on four dates in September and October 2012.[9] In each of the alleged distributions, TFO Brancato acted in his undercover capacity as a cocaine buyer, Wickham supplied roughly an ounce of cocaine to Brancato in each transaction, and Halgat allegedly acted as a middleman.[10] On April 22, 2014, Judge Ferenbach granted Halgat's motion to compel information regarding the Government's confidential informant, Doc. 38, and Halgat's motion to compel information regarding an undercover agent's cell phone records, Doc. #39. That order is currently on appeal to Judge Andrew Gordon, Doc. 76, and subject to a stay pending appeal. Doc. 82. There are also two additional motions currently pending in *Wickham*: (1) Halgat's Motion to Dismiss for Outrageous Government Conduct;[11] and (2)

---

[8] Doc. 182. Although McCall's motion was late, in the interest of justice, the Court grants the motion for joinder and considers McCall's opposition.

[9] 13-cr-241, Doc. 1 at 3-4.

[10] *See, e.g.*, Doc. 70 at 3:10-19.

[11] 13-cr-241, Doc. 59.

the Government's motion to strike it.[12] On May 12, 2014, Udell Wickham, the only other defendant in the case, entered a guilty plea leaving Halgat as the only remaining defendant in the *Wickham* matter.[13] Trial is currently scheduled before Judge Gordon on August 25, 2014.[14]

### 2. The *McCall* Case

The *McCall* indictment was also filed on June 19, 2013. It alleges against Halgat, McCall, and Morrow one count of conspiracy to possess with intent to deliver cocaine and one count of using and carrying a firearm in relation to that drug trafficking crime.[15] The charges arise from events that occurred in February-March of 2013 (four months after the *Wickham* events) and the alleged agreement to provide armed security for the receipt and transfer of 10 kilograms of cocaine.[16] McCall and Morrow[17] allegedly helped undercover TFO Brancato package and load the cocaine in the TFO's vehicle, while Halgat maintained armed security.[18] The pre-trial motions deadline was October 31, 2013,[19] and trial is currently scheduled before the undersigned on August 26, 2014.[20]

### 3. *Application of the Rule 8 Analysis to these Matters*

The three conditions for joinder of criminal matters have not been satisfied. The Government has not argued, nor can this Court find any support for the notion that the *Wickham* and *McCall* offenses are sufficiently interrelated to justify joinder under the first factor. *Wickham* involves a series of controlled cocaine buys in which it is alleged that Halgat and Wickham sold cocaine to TFO

---

[12] 13-cr-241, Doc. 64.

[13] 13-cr-241, Doc. 80.

[14] 13-cr-241, Doc. 101.

[15] 13-cr-239, Doc. 1 at 2-3

[16] *Id.*

[17] Morrow plead guilty on January 13, 2014. Doc. 141.

[18] *Id.*

[19] 13-cr-239, Doc. 50.

[20] 13-cr-239, Doc. 171.

Brancato. In *McCall*, Halgat is alleged to have provided armed security while two defendants not named in the *Wickham* case—McCall and Morrow—packaged and loaded a large quantity of cocaine into the TFO's vehicle.[21] Although both investigations were apparently part of the same sting operation, the cases involve different charges, defendants, and allegations, and the events that give rise to the charges are separated by a period of four months. There is simply no indication that the commission of the offenses in *McCall* depended on those in *Wickham* or that the *Wickham* offenses led to the offenses in *McCall*.

The Government has also failed to satisfy the second factor of the Rule 8 analysis. The Government asserts without analysis that the *Wickham* transactions are inextricably intertwined with the *McCall* facts in this case and constitute evidence of the chronology of events leading to Halgat's indictment in this case.[22] But the "same or similar character" factor requires more "such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims."[23] Although both cases involve cocaine, the indictments allege different offenses: Halgat is charged in *Wickham* with four counts of conspiracy *to distribute* cocaine; Halgat is charged in *McCall* with conspiracy to *possess with intent to deliver* cocaine and the use and carrying of a firearm in the course of that drug offense. The underlying acts do not share temporal proximity—they happened four months apart. Nor do they share evidentiary overlap because they were entirely separate actions and occurrences involving different actors (Halgat and Wickham for one set of facts; and Halgat, McCall, and Morrow for the other); Halgat and TFO Brancato are the only overlapping actors. There is no allegation that the acts occurred in the same place or places, and the Government has not offered anything to support the notion that the crimes involved the same modus operandi. And it must be remembered that the Government filed these two cases *separately* on the same day, and they have been separately prosecuted for a year. Thus, the second factor is not

---

[21] 13-cr-239, Doc. 1; 13-cr-241, Doc. 1.

[22] Doc. 176 at 2-3.

[23] *Jawara*, 474 F.3d at 578.

satisfied.

Support for the third factor is similarly weak. If nothing else, consolidation of these cases risks prejudice to McCall, who is not connected to the *Wickham* allegations. Although the Court is mindful of the judicial economy that would be afforded by consolidating these cases as both are against Halgat, involve cocaine transactions and similar entrapment defenses and motions to dismiss, and will likely be proven (in some part) by the testimony of TFO Brancato, the risk of prejudicing McCall's defenses alone weighs against consolidation. Accordingly, the motion to join or consolidate is denied.

### C. Motion for Leave to File Motion to Dismiss for Outrageous Government Conduct and/or Pursuant to the Court's Supervisory Powers and Motion for Leave to Exceed the Page Limitation to Allow for the Filing of an Omnibus Motion to Dismiss.

The deadline for pretrial motions was October 31, 2013. Defendant Halgat was cautioned through his requests for trial continuances that the pretrial-motions deadline would not be extended even if the trial date were continued (as it has been). Nevertheless, Halgat now moves the Court for leave of that deadline to file a motion to dismiss the charges against him for outrageous governmental conduct or under the Court's supervisory powers. Doc. 168, 169. Halgat attaches his oversized (32-page) proposed motion to dismiss and also asks the Court to enlarge the 30-page limit to allow the filing of the motion in this oversized form. His counsel additionally requests that she be relieved of the requirement in Local Rule 7-4 that any oversized brief be accompanied by tables of contents and authorities. *Id.*

Although the Court does not take the pretrial-motions deadline (and the Court's numerous orders and admonitions about that deadline) lightly, the Court finds that good cause exists to permit Halgat to file the instant motion to dismiss. Without deciding in any way the merits of Halgat's allegations, the Court notes that Halgat represents that the lateness of this motion was necessitated by the timing of the Government's production of documents and other materials and the additional time it took to review those materials. Doc. 169 at 3-6. Considering the type of allegations raised by this motion to dismiss, the Court finds good cause to consider the merits of this motion despite the expiration of the pretrial-motions deadline. Halgat is cautioned that the Court's leniency in this singular instance should not be interpreted as an invitation to file additional motions or request leave

to file additional motions.

Additionally, although the Court also finds good cause to allow Halgat to file the proposed oversized brief, the Court will not relieve counsel of her obligation under Local Rule 7-4 to "include a table of contents and table of authorities." Accordingly, Halgat may file his oversized brief but <u>must</u> attach proper tables of contents and authorities.

Halgat has also asked to supplement his motion to dismiss with additional authorities. Doc. 184. If Halgat desires to incorporate those additional authorities, he must do so within the motion that the Court is now granting leave to file. Thus, the request to file a supplement is granted in part: if Halgat desires to include that supplemental authority, he must incorporate it directly into the motion itself; Halgat must file his motion to dismiss—complete with tables and supplemental authority—by 5 p.m. on Tuesday, June 17, 2014.

Finally, McCall has requested to join in the motion to dismiss. Doc. 178. Because the motion is heavily dependent upon allegations of conduct against Halgat specifically, the Court does not find that it would be appropriate to consider that motion as to McCall. If McCall believes that he has the specific basis for filing a late motion to dismiss due to outrageous governmental misconduct against him, he should file his own motion for leave, attaching the proposed motion to dismiss in its entirety. McCall is cautioned that, as trial is approximately 2 months away, the Court will not entertain his leave request unless it is filed (along with his proposed motion to dismiss) by 5 p.m. on Friday, June 20, 2014.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Government's Motion for Consolidation/ Joinder of *U.S. v. Wickham*, 13-cr-241 with *U.S. v. Halgat, et al.*, 13-cr-239 **(Doc. 176) is DENIED**;

IT IS FURTHER ORDERED that Defendant Anthony McCall's Motion for Joinder of Defendant Halgat's Opposition **(Doc. 182) is GRANTED**;

IT IS FURTHER ORDERED that Halgat's Motion for Leave to File Motion to Dismiss for Outrageous Government Conduct and/or Pursuant to the Court's Supervisory Powers **(Doc. 168)** and Motion for Leave to Exceed the Page Limitation to Allow for the Filing of an Omnibus Motion to Dismiss **(Doc. 169) are GRANTED**. Halgat's Motion for leave to file a Supplement to his Motion

to Dismiss **(Doc. 184) is GRANTED in part**; Halgat shall file his Motion to Dismiss for Outrageous Government Conduct and/or Pursuant to the Court's Supervisory Powers with any supplementation and proper tables by 5 p.m. on June 17, 2014.

IT IS FURTHER ORDERED that McCall's Motion for Joinder in Halgat's Motion for Leave to File a Motion to Dismiss for Outrageous Government Conduct **(Doc. 178) is DENIED.**

DATED June 13, 2014.

_____
Jennifer A. Dorsey
United States District Judge